501 F.2d 957
 GULF SHORE SEAFOOD & COMPANY, INC., Plaintiff-Appellant,
v.
CITIES SERVICE COMPANY, Defendant-Appellee.
No. 74-1475 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 431 F.2d 409 (5th
Cir. 1970) Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. 27, 1974.
 
 Larry Klein, West Palm Beach, Fla., for plaintiff-appellant.
 T. Paine Kelly, Jr., William S. Rodgers, Tampa, Fla., for defendant-appellee.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff brought this Florida diversity action in tort against the defendant phosphate company for both compensatory and punitive damages arising out of a dam break which permitted phosphate slime to pollute the Peace River adjacent to plaintiff's land. The single issue on appeal is whether the District Court erred in directing a verdict against plaintiff on the issue of punitive damages, thus limiting the jury to consideration of compensatory damages, for which it returned a verdict in the amount of $10,000.00.
 
 
 2
 Under the applicable Florida law, there must be evidence of willful and wanton misconduct to support an award of punitive damages. Carraway v. Revell, 116 So.2d 16 (Fla.1959); Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936); Glaab v. Caudill, 236 So.2d 180 (Fla.Dist.Ct.App.1970). In Boyce v. Pi Kappa Alpha Holding Corp., 476 F.2d 447 (5th Cir. 1973), this Court recently reviewed the Florida case law and found that there are two essential elements of willful and wanton misconduct:
 
 
 3
 (1) the actor must have knowledge, actual or constructive, of the likelihood that his conduct will cause injury to other persons or property; and (2) the conduct must indicate a reckless indifference to the rights of others, that is, conduct which may be termed equivalent to an intentional violation of those rights.
 
 
 4
 476 F.2d at 452. Although the question whether the totality of a situation evidences willful and wanton misconduct is an issue for the jury, the trial judge must initially determine whether there is the requisite conflict in substantial evidence to justify submitting the question to the jury at all. See Boeing Co. v. Shipman, 411 F.2d 363 (5th Cir. 1969); Boyce v. Pi Kappa Alpha Holding Corp., 476 F.2d 447 (5th Cir. 1973).
 
 
 5
 Boeing Co. v. Shipman sets forth the rule in this Circuit that a trial judge should grant a motion for directed verdict if the facts and inferences point so strongly in favor of one party that reasonable men could not arrive at a contrary verdict. In ruling on a motion for directed verdict, the trial judge must consider all of the evidence and must draw against the movant all reasonable inferences which are most favorable to the party opposing the motion. If there is substantial evidence in opposition to the motion, that is, evidence upon which reasonable men in the impartial exercise of their judgment may reach different conclusions, then the trial judge must submit the issue to the jury.
 
 
 6
 After a careful review of the evidence before the District Court, we hold that the trial judge correctly directed a verdict against plaintiff on the issue of punitive damages. Plaintiff did not adduce substantial evidence which, viewed in a light most favorable to its position, would support a finding of willful and wanton misconduct on the part of defendant in either the construction or maintenance of the phosphate dam in question. At the specific request of plaintiff, we have viewed the photographic slides which were taken after the phosphate slime escaped from the dam. While these slides graphically depict the extent of pollution and damage which the escaping slime caused to the local geography, they are not sufficient, taken with the other evidence, to support a conclusion that defendant, at any time or in any manner, acted with such reckless indifference in building or maintaining the dam in question as to justify an award of punitive damages under Florida law.
 
 
 7
 Affirmed.